**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIA WONG, | No. 11-35839 |
| Plaintiff - Appellant, | D. C. No. 2:10-cv-00180-JCC |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Lucia Wong appeals pro se from the district court's summary judgment in

her diversity action alleging unlawful termination based on race or ancestry in

violation of Washington state law.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment because Wong failed to raise a genuine dispute of material fact as to whether she was performing satisfactorily for purposes of a prima facie case of discrimination and, in any event, whether Wells Fargo's legitimate, nondiscriminatory reason for terminating her was pretextual. *See Milligan v. Thompson*, 42 P.3d 418, 423 (Wash. Ct. App. 2002) (stating elements for a prima facie case of discrimination and explaining burden shifting framework); *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (unsupported subjective statement about defendant's motive is insufficient to defeat summary judgment); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (conclusory, self-serving affidavit lacking detailed facts and supporting evidence insufficient to create dispute of material fact).

Contrary to Wong's contention on appeal, Wells Fargo's belief that Wong violated federal regulations constitutes a legitimate, nondiscriminatory reason for terminating her, even if Wong did not actually violate federal regulations. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("[C]ourts only require that an employer honestly believed its reason for its actions, even if its

reason is foolish or trivial or even baseless." (citation and internal quotation marks omitted)).

**AFFIRMED.**